IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET REMEDIOS, | No. Misc. S-05-0482-MCE-CMK |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| WELLS FARGO BANK, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, who is proceeding pro se, brings the instant action to quash an Internal Revenue Service summons issued to respondent Wells Fargo Bank.  Pending before the court are respondent United States' motion to dismiss (Doc. 4) and petitioner's motion for summary judgment (Doc. 8).

In this case, the Internal Revenue Service ("IRS") issued the summons to Wells Fargo Bank – where petitioner has an account – in order to collect a tax assessed against petitioner.  Thus, this is not the typical third-party tax summons case in which the IRS seeks financial records pertaining to the bank account of an individual who is <u>not</u> the assessed taxpayer and that individual brings a petition to quash.  Petitioner argues that the summons should be quashed because she did not receive proper notice.

1

Petitioner's argument must be rejected. Under 28 U.S.C. § 7609(h), subject matter jurisdiction is conferred on this court to determine any proceeding brought pursuant to § 7609(b)(2). Section 7609(h) – the jurisdiction provision — operates as a waiver of sovereign immunity. Section 7609(b)(2), in turn, allows a proceeding to quash a summons by any person who is entitled to notice under § 7609(a). Section 7609(a) sets forth the notice requirements for tax summonses. However, under § 7609(c)(2)(D), the notice provisions do not apply to any summons issued to collect an assessment made against the person with respect to whose liability the summons is issued. In other words, the taxpayer under investigation has no right to notice of a summons issued to collect a tax owed by that taxpayer.

The summons in this case specifically states on its face that it is exempt from the notice provisions pursuant to § 7609(c)(2)(D). The law is clear that, without the right to notice, there is no standing under section 7609(h) to bring a petition to quash. See Ip v. United States, 205 F.3d 1168 (9th Cir. 2000). Therefore, dismissal for lack of subject matter jurisdiction is appropriate. As to the government's second argument for dismissal (failure to state a claim), logically, if the petitioner has no standing, this court cannot grant relief. Failure to state a claim is subsumed in lack of subject matter jurisdiction in this situation.

Finally, as to plaintiff's motion for summary judgment, because she has no standing to bring the instant action, petitioner is not entitled to summary judgment.

Based on the foregoing, the undersigned recommends that:

1. Respondent United States' motion to dismiss be granted;

2. Petitioner's motion for summary judgment be denied; and

3. This action be dismissed and the Clerk of the Court be directed to enter judgment accordingly.

///

///

///

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Failure to file objections within the specified time may waive
6 the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8 DATED:  May 10, 2006.

          _____
          **CRAIG M. KELLISON**
          UNITED STATES MAGISTRATE JUDGE